# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| GIAN LUCA MUEHLBAUER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:24CV47 HEA |
| | ) |
| VANESSA MUEHLBAUER, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court Petitioner's Motion to Exclude Testimony of Dr. David Finn and Medical Examination of the Minor Child At Issue, [Doc. No. 23]. Respondent opposes the Motion. For the reasons set forth below, the motion will be denied.

Petitioner brings this action pursuant to the 1980 Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act ("Hague Convention"), 42 U.S.C. §§ 9001, et seq. Petitioner and Respondent were married in 2019 and have a minor child together, S.A.M.  Petitioner alleges that Respondent wrongful removed S.A.M. from Switzerland to the United States of America without his consent in April 2025. Petitioner alleges that the child is being held in custody illegally by Respondent in Missouri.  Petition claims that he has joint custody rights for child, and he seeks an

order from the Court directing that the child be returned to Switzerland, the alleged habitual residence.

Respondent filed an Answer in which she raises the two affirmative defenses. Respondent claims, among other things, that if returned to Switzerland, the child would face a grave risk of physical or psychological harm, or otherwise be placed in an intolerable situation. Respondent further alleges that the Human Rights Exception of Article 20 of the Convention allows the Court to deny the repatriation of a child if such return would not be permitted by the fundamental principles of the requested State relating to the protection of human rights and fundamental freedoms.

**Custody of the Minor Child**

Petitioner now move to exclude the testimony of Dr. David Finn and the medical examination of S.A.M. Initially, Petitioner argues he has joint custody of the minor child. In support of his position, Petitioner claims the parties obtained a Consent Judgment of Legal Separation on October 16, 2023 in the Locarno-Campagna jurisdiction in the Canton of Ticino, Switzerland. According to Petitioner, under Swiss law, unless a court explicitly orders otherwise, the parties exercise joint legal custody of the minor child, citing Article 298, Section 1 of the Swiss Civil code, which provides:

Art. 298 1 Divorce and other marital proceedings

2

>Divorce and other marital proceedings
>
>1 In divorce proceedings or proceedings to protect the marital union, the court shall assign one parent sole parental responsibility if this is necessary to safeguard the child's best interests.

https://www.droit-bilingue.ch/rs/lex/1907/00/19070042-unique-en-de.html (Last visited May 12, 2025). Petitioner argues that since the court did not specifically limit legal custody, both parties share joint legal custody, and therefore, both parents' consent is required for non-emergent medical care, including psychological examinations.

The Consent Judgment of Legal Separation, which Petitioner has filed in Italian and has provided the Court with an English translation, provides, in pertinent t part:

>Decides: 1.The agreement of the parties as set forth in the following devices is hereby acknowledged.
>
>2. The custody of [S.A.M.] is entrusted to her mother, who is also assigned use of the marital home.
>
>3. The father may exercise supervised visitation rights…

Exhibit 2 to Petitioner's Complaint.

Petitioner makes no argument as to how this Consent <u>Judgment</u> does not specifically provide limitations on legal custody of the minor child. It appears that the Court awarded custody of the minor child to Respondent, with Petitioner

3

having visitation rights. Accordingly, Petitioner has failed to demonstrate Respondent acted outside her authority as the custodial parent in obtaining the examination of the minor child by Dr. Finn.

***Daubert* and Admissibility Analysis**

Respondent moves to exclude Dr. Finn's opinions under *Daubert v. Merrell Dow Pharms.*, Inc., 509 U.S. 579 (1993) and Federal Rules of Evidence 702, 401, and 403. Rule 702 allows a witness "who is qualified as an expert by knowledge, skill, experience, training, or education" to provide opinion testimony if the party offering his testimony demonstrates to the court that it is more likely than not that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

See Fed. R. Evid. 702. This rule is "one of admissibility rather than exclusion," *Shuck v. CNH Am., LLC*, 498 F.3d 868, 874 (8th Cir. 2007), and "doubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility," *Sphere Drake Ins. PLC v. Trisko*, 226 F.3d 951, 954 (8th Cir. 2000) (alteration omitted). Under *Daubert* and its progeny, the district court performs a gatekeeping function meant to "protect juries from being swayed by dubious scientific testimony." See *David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1015 (8th Cir. 2012) (emphasis in original). However, the present case

4

is set for a bench trial rather than a jury trial. In bench trials, *Daubert's* application is relaxed because "there is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." *Watson,* 668 F.3d at 1015 (alterations omitted). See *Grant ex rel. United States v. Zorn*, 107 F.4th 782, 794 (8th Cir. 2024) ("The concerns underlying Daubert exclusion of dubious [expert] testimony are less stringent in a case such as this one, which involved a bench trial where the judge served as both factfinder and gatekeeper of evidence."), reh'g and reh'g en banc denied, 2024 WL 4456550 (8th Cir. Oct. 9, 2024), pet. for cert. docketed (U.S. Nov. 15, 2024);*Minnesota Chamber of Com. v. Choi*, No. 23-CV-2015 (ECT/JFD), 2025 WL 437276, at *8 (D. Minn. Feb. 7, 2025); *Virden v. Crawford Cnty., Arkansas*, No. 2:23-CV-2071, 2024 WL 2224356, at *3 (W.D. Ark. May 16, 2024).

The Court applies the test from *Daubert* to determine the admissibility of expert testimony under Federal Rule of Evidence 702. 509 U.S. at 592–93; see also *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (holding *Daubert* analysis applies to expert testimony based on "technical" or "specialized knowledge"). Under *Daubert*, the district court conducts a "preliminary assessment of whether the reasoning or methodology underlying the [expert] testimony is scientifically valid and ... properly can be applied to the facts in issue." 509 U.S. at 592–93. "The exclusion of an expert's opinion is proper only if it is so

5

fundamentally unsupported that it can offer no assistance to the jury." *Wood v. Minn. Mining & Mfg. Co.*, 112 F.3d 306, 309 (8th Cir. 1997) (internal quotation marks and citation omitted); *Deere & Co. v. Kinze Mfg., Inc.*, No. 420CV00389RGEHCA, 2024 WL 1235569, at *3 (S.D. Iowa Feb. 8, 2024).

"A determination of a grave risk of harm under the Hague Convention is a mixed question of law and fact. *Silverman v. Silverman*, 338 F.3d 886, 896 (8th Cir.2003) (en banc)." *Acosta v. Acosta*, 725 F.3d 868, 874 (8th Cir. 2013). Petitioner urges Dr. Finn's report is merely a rehashing of testimony Respondent will "undoubtedly" provide herself. Petitioner claims Dr. Finn's opinions derives from selected documents provided by Respondent and therefore is cumulative and unreliable. Petitioner also challenges the lack of testing performed. Dr. Finn evaluated S.A.M. and reviewed all documents regarding S.A.M. The Court interprets Petitioner's argument as a challenge to the factual basis of Dr. Finn's opinion and testimony. Generally, such a challenge goes to the credibility of the expert testimony, rather than its admissibility. *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 544 (8th Cir.2006). "[I]t is up to the opposing party to examine the factual basis for the opinion in cross-examination. Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the factfinder must such testimony be excluded." *Id*. (quoting *Children's Broad. Corp. v. Walt Disney Co.*, 357 F.3d 860, 865 (8th Cir.2004)).

The factual basis for Dr. Finn's anticipated testimony is sufficient for the purposes of the hearing on Petitioner's Complaint, particularly in light of the fact that the Court, rather than a jury, will determine the matter. Dr. Finn interviewed Respondent and S.A.M. and reviewed the documents, including the report of the Department of Children and Family Services. Dr. Finn will be subject to cross-examination on all of the issues.

Based upon the foregoing, the Motion to Exclude the Testimony of Dr. Finn and Medical Examination of S.A.M. is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Exclude Testimony of Dr. David Finn and Medical Examination of the Minor Child at Issue, [Doc. No. 24], is **denied**.

Dated this 14th day of May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE